# GEORGE S. GRIMES v. ROBERT E. ARTHURS.[1]

## April 28, 1916.

## Nos. 19,708—(109).

**Contract — evidence of performance.**

Evidence was sufficient to sustain findings of fact that a contract to install a heating plant was substantially performed and that the failure of the plant to heat the building was due to its improper management. [Reporter.]

Action in the municipal court of Minneapolis to recover $500 for breach of a contract to install a heating plant in a certain building. The case was tried before Montgomery, J., who when plaintiff rested denied defendant's motion to dismiss the action, made findings and ordered judgment in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Gordon Grimes*, for appellant.

*A. X. Schall, Jr.*, for respondent.

PER CURIAM.

Action for damages for the alleged breach of a contract to install a heating plant in a building owned by plaintiff. The trial below was before the court without a jury and, upon findings of fact, judgment was ordered for defendant. Plaintiff appealed from an order denying a new trial.

The substantial question presented by the assignments of error is whether the findings of the court are sustained by the evidence. It appears that the contract was entered into some time in August, 1911, and provided for the installation of the heating plant in accordance with certain plans and specifications; and as a part of the transaction defendant represented that when so installed the plant would suitably heat the building in cold weather. The contract was performed, and plaintiff took possession of the building and continued the use of the heating plant during the years of 1911, 1912 and the winter of 1913-1914. The court found that there was a substantial performance of the contract, and, though plaintiff's tenants experienced some difficulty in heating the building, that the cause thereof was the improper and careless management of the plant, whereby ashes were permitted to accumulate in the ash box, the grates were burned out or welded together, and other acts of improper attention to the fire. The court further found that

[1]Reported in 157 N. W. 590.

plaintiff made no request or demand of defendant to remedy any defects in the plant, and late in the fall of 1914, without notice to defendant, removed the boiler attachment of the plant and installed a new one at a cost of $350.36.

Our examination of the record discloses evidence reasonably tending to support both questions passed upon by the trial court, namely, that defendant substantially performed his contract, and that the failure of the plant to heat the building was due to improper management of the same, and within the rule guiding this court there must be an affirmance. While the evidence tending to support the findings is far from conclusive, it is sufficient that it reasonably tends to support them. In view of this conclusion it becomes unnecessary to consider the question of the measure of damages.

Order affirmed.